522 P.2d 1098

Ronald E. KREISS d/b/a AAA Bail Bond Service; Henry H. Castro; and Manuel H. Castro, Petitioners,

v.

The CLERK OF the SUPERIOR COURT of the State of Arizona IN AND FOR COCHISE COUNTY; the Superior Court of the State of Arizona In and For Cochise County; the Honorable Lloyd C. Helm, Presiding Judge thereof; the Justice Court of Cochise County; the Honorable John Sharp, a Justice of the Peace thereof; and the State of Arizona, Respondents.

No. 2 CA–CIV 1655.

Court of Appeals of Arizona, Division 2.

June 6, 1974.

Rehearing Denied June 28, 1974.

Review Denied July 16, 1974.

**30**

Hirsh & Hooker, P. C., by Robert J. Hooker, Tucson, for petitioners.

Gary K. Nelson, Atty. Gen., by John S. O'Dowd, Asst. Atty. Gen., Tucson, for respondents.

## OPINION

HOWARD, Judge.

In this special action the issue is whether a fidelity or surety company which is not a "resident" of the State of Arizona may write appearance bonds.

Petitioner Kreiss, doing business as the AAA Bail Bond Service in Cochise County, Arizona, is the authorized insurance agent of Midland Insurance Company and Stuyvesant Insurance Company, both of whom are fidelity or insurance companies organized under the laws of states other than the State of Arizona. Petitioners Henry Castro and Manuel Castro are in jail in Cochise County. Petitioner Kreiss attempted to post appearance bonds on behalf of the Castros with Stuyvesant Insurance Company as surety. The justice of the peace, the Honorable John Sharp, upon instructions from the Honorable Lloyd C. Helm, Judge of the Superior Court of Cochise County, refused to accept the bonds and the Castros are still languishing in jail.

Petitioners filed a special action in the superior court to compel the justice of the peace to accept the appearance bonds. At a hearing on the petition evidence was adduced that the Stuyvesant Insurance Company has for several years and is at present writing appearance bonds throughout the State of Arizona and in the federal courts. It was the position of the superior court judge that Rule 7.1(f), Ariz.R.Crim. P., 17 A.R.S., precludes the posting of a bond by anyone other than a resident of the State of Arizona. The court refused to order the justice of the peace to accept the bonds. We hold that the court was incorrect in this ruling.

In order to understand the fabric of the new criminal rules it is necessary to first refer to the 1956 Arizona Rules of Criminal Procedure, as amended, and in particular Rule 50 and Rule 55.

Rule 50 was the old rule governing professional bondsmen. It provided as follows:

"When a person *other than a surety company* has become a surety for release of a person on bail and has received compensation or promise of compensation therefor in more than two undertak-

ings on none of which he has been discharged from liability, he is a professional bondsman." (Emphasis added)

It can thus be seen Rule 50 had no application to surety companies. Under Rule 51 of the 1956 Rules of Criminal Procedure, the professional bail bondsman had to register as such in the office of the clerk of superior court.

Rule 55 of the 1956 rules governed bail by fidelity or surety companies. It stated:

"Bail may be given by a fidelity or surety company authorized to act as surety within this state and such company may execute the undertaking as surety by the hand of an officer or attorney authorized thereto by resolution of its board of directors, a certified copy of which, under its corporate seal, shall be filed with the undertaking."

Under the new rules it is necessary to look to Rule 7.2(a) in the first instance to understand the spirit of the rules governing release. It provides:

"Any person charged with an offense bailable as a matter of right shall be released pending or during trial on his own recognizance, unless the court determines, in its discretion, that such a release will not reasonably assure his appearance as required. If such a determination is made, the court may impose the least onerous condition or conditions contained in Rule 7.3(b) which will reasonably assure his appearance."

■ This rule makes it clear that release on one's own recognizance is to be desired, and it is only when the court determines that the release will not reasonably assure the appearance of the defendant that conditions should be imposed. One of the conditions that may be imposed under Rule 7.3(b) is the execution of an unsecured appearance bond in an amount specified by the court. This additional condition takes the place of former Rule 55, which contained language which was surplusage in view of A.R.S. § 7–103.[1]

The new rules also provide for the "professional bondsman", as did the old rule, but contain more stringent provisions. Rule 7.1(f), Rules of Criminal Procedure, provides as follows:

"Any person who is surety simultaneously on more than four appearance bonds is a 'professional bondsman.' No person may be a professional bondsman unless he annually certifies in writing under oath to the clerk of the Superior Court that he

(1) Is a resident of this state;

(2) Has sufficient financial net worth to satisfy reasonable obligations as a surety;

(3) Has not been convicted of a felony;

(4) Has no judgments arising out of surety undertakings outstanding against him;

(5) Has not, within a period of two years, violated any provisions of these rules or any court order. Capacity to act as a professional bondsman may be revoked or withheld by the clerk, or by the court, for violation of any provision of this rule."

■ It is evident that the foregoing rule does not apply to corporate sureties but rather to the individual who is himself a surety. Its inapplicability to petitioner Kreiss is evident when one considers that he is not a surety but merely the agent for the surety company.

One other rule needs explanation. This is Rule 7.1(e) which defines the word "surety":

"A 'surety' is one, other than the person released, who executes an appearance bond and binds himself to pay its amount if the person released fails to comply with its conditions. A surety shall file with an appearance bond an affidavit that he is not an attorney or person authorized to take bail, and that he

1. This statute governs the execution of bonds by corporate sureties.

owns property in this state (or is resident of this state owning property) worth the amount of the appearance bond, exclusive of property exempt from execution and above and over all liabilities, including the amount of all outstanding appearance bonds entered into by him, specifying such property, the exemptions and liabilities thereon, and the number and amount of such appearance bonds."

■ Rule 7.1(e) defines the term "surety" as used in Rule 7.1(f). It also applies to the individual who is not a professional bondsman and has no application to the fidelity or surety companies which derive their authority to act in this state from the insurance department.

The order of the superior court states as its reason for denying petitioners' special action:

"   .   .   .   the Court finding that Petitioners have failed to qualify as a surety company under the Arizona Rules of Criminal Procedure, Rule 7.1(f), the laws of the State of Arizona and more particularly under the rules of the Directors of the Insurance Department of the Corporation Commission,

IT IS HEREBY ORDERED that Petitioners' Petition for Special Action, be, and the same is hereby, denied."

■ In the proceedings below there was no evidence to indicate in any manner, shape or form in what respect Stuyvesant Insurance Company had failed to comply with the rules of the directors of the insurance department of the Corporation Commission. On the contrary, the evidence was uncontradicted that Stuyvesant Insurance Company has been duly licensed to perform services as a surety by the Arizona State Department of Insurance. However, as to Midland Insurance Company, no such evidence was adduced.

The bonds of the Stuyvesant Insurance Company were also accompanied by a certified copy of a resolution of the company's board of directors authorizing petitioner Kreiss to act as its agent.

It is ordered that the Honorable John Sharp, Justice of the Peace, exercise his discretion in the approval of the bonds of the Stuyvesant Insurance Company and Midland Insurance Company, in accordance with the interpretation of the rules as set forth in this opinion.

HATHAWAY, C. J., and KRUCKER, J., concur.