530 P.2d 365

Ronald E. KREISS, d/b/a AAA Bail Bond Service; Henry H. Castro, and Manuel H. Castro, Petitioners,

v.

The CLERK OF the SUPERIOR COURT of the State of Arizona IN AND FOR CO-CHISE COUNTY, the Superior Court of the State of Arizona In and For Cochise County, the Honorable Lloyd C. Helm, Presiding Judge thereof, the Justice Court of Cochise County, the Honorable John Sharp, a Justice of the Peace thereof, and the State of Arizona, Respondents.

No. 11629–PR.

Supreme Court of Arizona,
In Banc.

Jan. 8, 1975.

Hirsh & Hooker by Robert J. Hooker, Tucson, for petitioners.

N. Warner Lee, Atty. Gen., Phoenix by John S. O'Dowd, Asst. Atty. Gen., Tucson, for respondents.

STRUCKMEYER, Vice Chief Justice.

This special action originated in the Court of Appeals, Division Two, seeking to require respondents to accept certain surety bail bonds posted in behalf of petitioners Henry H. Castro and Manuel H. Castro for their release from confinement in Cochise County, Arizona. It is a sequel to

a proceeding filed in the Superior Court of Cochise County in which the Superior Court declined to accept the bonds offered. The Court of Appeals ordered respondent, The Honorable John Sharp, Justice of the Peace of Cochise County, to exercise his judicial discretion in approval of the bonds. We accepted review to settle the construction of Rule 7, Rules of Criminal Procedure, 17 A.R.S. Opinion of the Court of Appeals, 22 Ariz.App. 29, 522 P. 2d 1098 (1974), vacated and petitioner's prayer for relief granted.

Petitioner Ronald E. Kreiss, dba the AAA Bail Bond Service, attempted to post appearance bonds with the Stuyvesant Insurance Company as surety in a justice court of Cochise County on behalf of the two petitioners, Henry and Manuel Castro. The Stuyvesant Insurance Company is a foreign corporation by law licensed to do business in Arizona. Respondent John Sharp, Justice of the Peace, upon instructions from a judge of the Superior Court of Cochise County, refused to accept any appearance bonds on which the Stuyvesant Insurance Company was surety for the reason that the company had not certified under oath to the Clerk of the Superior Court, pursuant to the Rules of Criminal Procedure, Rule 7.1(f), 17 A.R.S., that as a professional bondsman it was a resident of the State of Arizona.

We hold that foreign corporations are not subject to Rule 7.1(f) of the Rules of Criminal Procedure in pursuing their business activities in Arizona.

The Constitution of Arizona, by Article 14, § 17, A.R.S., provides:

"No foreign corporation shall have authority to do business in this State, until it shall have obtained from the Corporation Commission a license to do business in the State, upon such terms as may be prescribed by law."

and by Article 15, § 5, provides:

"The Corporation Commission shall have the sole power to issue certificates of incorporation to companies organizing under the laws of this State, and to issue licenses to foreign corporations to do business in this State, as may be prescribed by law."

By the provisions of the Arizona Constitution twice repeated, foreign corporations are permitted to do business upon such terms as the Legislature shall prescribe. The Constitution places the exclusive power in the Legislature. Hence, no other conditions may be imposed upon the right to do business except those prescribed by law.

The Legislature, by Title 20, A.R.S. 7, has prescribed the conditions upon which foreign corporations may do business in Arizona. For example, among other things, by § 20–207, no foreign corporation is authorized to transact insurance in Arizona until it maintains certain reserves as required in Article 1 of Chapter 3 of Title 20. The Legislature has also provided for the licensing of agents to transact the corporation's business. By § 20–289, the qualifications of agents are set forth, which include such matters as minimum age and residency within the State.

At the proceedings in the Superior Court, petitioner Ronald E. Kreiss testified without contradiction that he was licensed by the State of Arizona to perform services as a bail bond agent for the Stuyvesant Insurance Company and that the Stuyvesant Insurance Company was licensed according to law, having met all the requirements to write insurance bonds in the State of Arizona. Where a bond or undertaking is permitted to be given by surety, the guaranteeing of the performance of the conditions of the bond shall be sufficient if the bond or undertaking "is approved by the court, body or person required to approve or accept it." A.R.S. § 7–103.

We therefore hold that where, as here, a foreign corporation and its agent have been licensed to do business in Arizona, the constitutional requirements are fulfilled and the court must approve the bail bond if in form it meets the conditions imposed for release from incarceration.

■ . One further matter should be briefly touched upon. The trial court was of the opinion that the Rules of Criminal Procedure, Rule 7.1, adopted by this Court September 1, 1973, preempted the whole field for the furnishing of appearance bonds in criminal cases. It does not. Rule 7.1 defines a professional bondsman as any *person* who is a surety simultaneously on more than four appearance bonds and further provides that such *person* must annually certify under oath in writing to the clerk of the Superior Court that, among other things, he is a resident of the State, has not been convicted of a felony and has sufficient financial net worth to meet his reasonable obligations as surety. Rule 7.1 does not in any manner relate to corporate sureties, either domestic or foreign. It addresses itself solely to persons who purport to act in the capacity of a surety, executing appearance bonds by binding themselves to pay if the person released fails to comply with the conditions of the bond.

Since no question has been raised as to the form or conditions of the Stuyvesant Insurance Company's bonds, it is ordered that petitioner's prayer for relief be granted and respondents are directed to accept petitioner's bonds as surety on behalf of persons incarcerated within the respondents' jurisdiction.

CAMERON, C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.